UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FREDY ZAMORA-REYES,**

   Movant,

v.                                       No. 4:22-cv-0552-P
                                           (No. 4:20-cr-0121-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Fredy Zamora-Reyes pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, including the record in the underlying criminal case, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On May 28, 2020, Movant was named in a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). CR ECF No. 1. Movant ultimately entered a plea of guilty. CR ECF No. 17. The Court sentenced him to a term of imprisonment of 95 months. CR ECF No. 37. Movant appealed, CR ECF No. 39, and his sentence was affirmed. *United States v. Zamora-Reyes*, No. 21-10210, 2021 WL 5579265 (5th Cir. Nov. 29, 2021). His petition for writ of certiorari was denied. *Zamora-Reyes v. United States*, 142 S. Ct. 1432 (2022).

## GROUND OF THE MOTION

Movant asserts one ground in support of his motion. He says that 8 U.S.C. § 1326 is unconstitutional as it was "enacted with a racial animus

and a discriminatory purpose on Latinx persons." ECF No. 1 at 4.[1] In his memorandum of law, he refers to *United States v. Carrillo-Lopez*, 555 F. Supp. 3d 996 (D. Nev. 2021), as supporting his argument. *Id.* at 14.

## APPLICABLE STANDARD OF REVIEW

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## ANALYSIS

Movant concedes that he did not raise his claim on direct appeal. ECF No. 1 at 4. Indeed, he concedes that he did so deliberately. *Id.* at 4 & 9. The claim is procedurally defaulted and may not be raised here

---

[1] The reference is to "Page __ of 15" assigned by the Court's electronic filing system and is found at the top right portion of the document. The typewritten page numbers on the form used by Movant are not the actual page numbers of the document.

without showing both cause and prejudice.² *Shaid*, 937 F.2d at 232. Movant has made no attempt to do so. Even assuming Movant intended to assert ineffective assistance of counsel (in failing to pursue this ground on appeal) as cause, and there is no reason to believe that is his intent, he cannot show prejudice. There is simply no likelihood that the United States Court of Appeals for the Fifth Circuit would follow *Carrillo-Lopez. See, e.g.*, *United States v. Hernandez-Lopez*, 583 F. Supp. 3d 815 (S.D. Tex. 2022); *Lira-Rodriguez v. United States*, No. 4:21-CV-1085-A, 2021 WL 5331007, at *3 (N.D. Tex. Nov. 15, 2021). Practically every case that has discussed *Carrillo-Lopez* has rejected its reasoning. *See* ECF No. 5 at 5, n.3 (citing cases). For these and all of the other reasons discussed in the government's response, ECF No. 5, Movant cannot prevail.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **16th day** of **November 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

² Movant does not contend that he is actually innocent; nor could he. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).